We have a busy calendar today, so we'll get to it. Let me make a few comments at the beginning about our logistics, and this applies to all parties. At the lectern, you will find a clock telling you the total amount of time available to you. If you're an appellant, you may choose to reserve some time for rebuttal, but that means you better sit down with positive time left on the clock. The tricky thing is the clock goes down to zero and then keeps going. It counts up. So if you just glance down and see a number, you may think, oh, gee, great, I've got two minutes left. What that might mean is that you're, like the federal government, into deficit spending, and you're overtime by two minutes. Usually if you're overtime very much, we'll let you know, but that means you have to look for the little red light. The red light tells you you're overtime. The yellow light before that gives you a warning that you're approaching the zero point. One other thing, when you're at the lectern, please try to stand still so that the microphone can pick you up. You don't have to lean over to get to it. It is adjustable, so if you're tall or short or whatnot, you can manipulate it. But if you move very far away, the sound system won't pick you up, and we may not be able to hear you. You might not care whether we hear you or not, but we'd like to hear you, so please try to stay at the lectern. With that, we'll proceed to the cases as listed on the calendar today. The first case, Carolina Casualty Insurance Company versus Team Equipment. We have only one counsel appearing, and that counsel is appearing by telephone. Are you there? I am, sir. Thank you. You can proceed, and you can't see the clock, but I assume you're mindful of the fact that you have ten minutes, and if you don't remember it, we'll let you know. I am mindful. Thank you. Good morning, and may it please the Court. Melissa Murphy-Petros on behalf of the plaintiff's appellant, Carolina Casualty. The district court's dismissal of Carolina's complaint must be reversed as an abuse of discretion because Carolina's pleading of diversity of citizenship on information and belief is enough to allow the complaint to stand until it's answered or otherwise responded to. Federal Rule of Civil Procedure 8 requires a short and plain statement of the grounds for the court's jurisdiction, and it's established that pleading on information and belief is permissible under Rule 8, where the allegations still made are made in good faith, are comprised of information necessary to the complaint, and are comprised of information which is more accessible to the defendant than it is to the plaintiff. And here, all of these criteria have been met. This is a declaratory judgment action involving insurance coverage, so Carolina's insurance and the plaintiff's and the underlying action are all necessary parties. Their citizenship is necessary information, and the information is more accessible to the defendant. Carolina relied on the multiple complaints that were filed in the underlying action for its jurisdictional allegations, but obviously thus has no direct personal knowledge of the citizenship allegations, and this is information which could not be obtained or verified by Carolina. Can I counsel? Yes. Judge Fischer, I'd like to ask you about three in particular. The court faulted you for failing to allege the states of citizenship of Gamut Enterprises, Carolina Casualty, members of the USDCCCVR merger, California LLC, and principal place of business of Techman Industries, California Corporation. Did you happen to go on the website of the California Secretary of State and look for whether they had registered agents for service and the like? We did, and the results of those searches actually are also attached to our Rule 59e motion to alter or amend the judgment, but because those were limited liability corporations or otherwise privately held corporations, the state searches did not reveal principal places of business, state agents, and that kind of thing. So unfortunately the information was not available to Carolina, but again I would say that still should not prevent the complaint from standing at least until it is served and responded to, and in this case the district court dismissed the complaint only 17 days after it was filed, before it was even served, and without notice to Carolina with respect to any concerns about the jurisdictional allegations. And I would also make the point that Carolina is not asserting that information and belief pleading on jurisdiction is sufficient to sustain federal jurisdiction for the life of an action, just that it is enough to allow the complaint to stand until it's answered. This is Judge Clifton. What happens if there's no answer? What happens if you have a default situation? At that point you don't really know if there's federal jurisdiction, and you don't know if the court is empowered to proceed with an entry of default and an entry of default judgment. There are cases which we cited in our brief holding that the lack of an answer is an admission of jurisdiction, but I do understand your concern. I think in the true default situation, remand to state court would be appropriate, but again in this case we never even got that far because the complaint was never even allowed to be served. Well, do we set up a rule that acknowledges that limitation and tells defendants if you don't respond, you get to go back to state court? No. It's a problem that we may not face here because we don't know that defendants are going to default, but if we say this is enough and someday that situation is bound to come up, one of the things you'll learn about this job is if it could happen, someday it will. Right. I personally think, as we argued in our brief, the better rule is to simply allow the lack of an answer to stand as an admission, and there are cases that we have cited and relied upon to support that, but I think in this case it's still a little bit tricky just because here the abuse of discretion really is just dismissing this outright before it was even served and allowing these defendants to answer or respond or to allow the parties to engage in limited jurisdictional discovery, that also would have been appropriate. Well, to the extent, going back to my question about the California Secretary of State, to the extent that these three defendants have registered agents in terms of service of process, you have access to that information on the website, correct? Yes. So you could serve them, you just wouldn't know whether you're picking up at least with the LLCs. Now one of them, I think it's the, it's not an LLC, Tuckman, Indiana? Yes. That's a corporation, isn't it? So what's your ability to get more information by way of their registered agent with respect to citizenship requirements? Well, I think that certainly it could have been explored, and I believe that Tuckman was one of the privately held corporations, and so we weren't able to obtain independent information. But again, I know I'm sounding like the proverbial broken record. In this case, we never had service, so we were never able to get these complaints to the registered agents, you know, from which then we could have been able to explore this information further. Well, you could have, I suppose, before you drafted the complaint, even call and find out what you could through the agent, I assume. I assume, I suppose that that could have been an option. And, you know, as appellate counsel, I don't know whether or not that was explored. The record's not clear. But again, you know, I think the better rule is to simply allow the complaint to stand, to allow it to be answered or otherwise responded to and proceed accordingly from there. Unless the court has any further questions, I would rest on my brief at this point. It appears we have no further questions. We appreciate your argument and we submit the case for decision. Very good. Thank you so much. One moment. Hold on. There's somebody else here. I'm sorry. I hadn't realized we had anybody else entering. Oh, I didn't know that either. You didn't know it because I didn't tell you, so. Yes. I'm sorry. Good morning. If it pleases the court, Jonathan Sokol appearing for appellees, bellhop cleaners, team equipment and gamut enterprises. As counsel indicated, the district court dismissed the action before my clients and the other defendants were served. And we're going to elect not to present the argument this morning. I just wanted to. Okay. So I appreciate your appearance. There's still nothing for appellant's counsel to rebut. So with that, the case just argued is submitted. We thank both of you for your appearances and argument. And we can conclude the telephone portion and proceed to the next case on the calendar.
judges: Singleton, Fisher, Clifton